

DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
www.dlapiper.com

Stephen C. Matthews
Stephen.matthews@us.dlapiper.com
T   973.520.2541

September 4, 2024
*VIA ELECTRONIC FILING*

Hon. Christine P. O'Hearn
United States District Judge
United States District Court, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 6050
Camden, NJ 08101

Re:   *Segovia v. Burlington Coat Factory Warehouse Corporation*, No. 1:24-cv-06730-CPO-MJS

Dear Judge O'Hearn,

We represent Defendant Burlington Coat Factory Warehouse Corporation ("Burlington") in the above-captioned action. Per the Court's Notice (Dkt. No. 12), Burlington provides notice of its intent to file a motion to dismiss Plaintiff's Complaint under Federal Rule of Procedure 12(b) and Local Rule 12.1.

## Background

This case is one of nearly a dozen cases brought by Plaintiff's counsel against retailers alleging that their routine marketing emails violate Arizona's Telephone, Utility and Communication Service Records Act, A.R.S. § 44-1376 ("TUCSRA"). TUCSRA is a 2006 statute that prohibits "pretexting," which occurs when data brokers call a telephone company pretending to be the account holder to obtain and sell the account holder's telephone records without consent. A.R.S. § 44-1376.01.

As originally enacted in 2006, TUCSRA only regulated telephone records and telecommunications carriers, and provided that a person shall not "[k]nowingly procure, attempt to procure, solicit or conspire with another," "[k]nowingly sell or attempt to sell," or "receive a telephone record of any resident of this state" without authorization or through fraud. 2006 Ariz. Legis. Serv. Ch. 260 (H.B. 2785) at § 44-1376.01(A). The 2006 TUCSRA also required telephone companies to "establish reasonable procedures to protect against unauthorized or fraudulent disclosure of such records that could result in a substantial harm or inconvenience to any customer." *Id.* at § 44-1376.01(B). The Arizona Legislature amended TUCSRA reiterating that its purpose is to address pretexting. *See id.* at 4/30/2007, 3/2/2007 (discussing pretexting and limiting amendment to "expand[ing] the existing crime of falsely procuring, selling or receiving *telephone records* to include *communication service records* and *public utility records*.") (emphasis in original).

Plaintiff alleges that she subscribed to Burlington's marketing emails, which contained "spy pixels" that allowed Burlington to obtain information related to Plaintiff's interaction with those emails. Compl. ¶¶ 3-4. Plaintiff brings a single cause of action under TUCSRA, alleging these "spy pixels" extract "communication service records" in violation of the statute. *Id.* ¶¶ 54-56.

## Plaintiff Fails to State a Claim

In addition to TUCSRA's legislative history, its plain text and fundamental canons of statutory construction make clear that the statute prohibits only the unauthorized procurement of "communication service records" of a "customer" maintained by a "communication service" provider. Plaintiff fails to state a claim because she does not plausibly allege any of these predicate elements: (i) Burlington did not procure any communication service records from any service provider; (ii) Burlington is not a communication service provider, and (iii) Plaintiff is not a customer of a communication service provider.



September 4, 2024
Page Two

**First**, TUCSRA contains a list of "communication service records," which includes specific types of records created and maintained by a communication service provider:

TUCSRA defines "communication service record" as:

> subscriber information, including name, billing or installation address, length of service, payment method, telephone number, electronic account identification and associated screen names, toll bills or access logs, records of the path of an electronic communication between the point of origin and the point of delivery and the nature of the communication service provided, such as caller identification, automatic number identification, voice mail, electronic mail, paging or other service features. Communication service records do not include the content of any stored oral, wire or electronic communication or a telephone record.

A.R.S. § 44-1376(1).

Plaintiff's Complaint fails to plausibly allege that the data Burlington purportedly collected falls within this statutory definition. The Complaint does not allege that Burlington collected Plaintiff's "name," "billing or installation address," "length of service," "payment method," "telephone number," or "toll bills." A.R.S. § 44-1376(1).

**Second**, Burlington is not a communication service provider, and Plaintiff does not and cannot allege that Burlington procured any records created or held by any communication service provider. TUCSRA's definition of "communication service records" covers information that is only to be kept by a communication service provider—such as a wireless data carrier. Further, the definition's reference to "the nature of the communication service provided" makes explicit that the records covered by the statute are records kept by the "provider" of the service (and not Burlington or any other retail business that uses marketing emails).

Plaintiff's attempt to expand TUCSRA to apply to all businesses and email communications would produce absurd results. For example, under Plaintiff's reading of TUCSRA, anyone forwarding an email without the "authorization" of the original sender would be liable under TUCSRA. Indeed, an email's metadata contains a host of information that Plaintiff claims constitutes a "communication service record," such as the email's path, timestamp, subject line, email client type, and whether and to whom the email was forwarded.

**Third**, Plaintiff fails to allege that she is or was a "customer" of any communication service provider. This is fatal to Plaintiff's claim, because TUCSRA creates a private right of action only for "a *customer* whose communication service records, telephone records or public utility records were procured, sold or received in violation of this article[.]" A.R.S. § 44-1376.04(A) (emphasis added). A violation occurs only where a person procures a "public utility record, a telephone record or communication service record of any resident of this state without the authorization of the *customer* to whom the record pertains." A.R.S. § 44-1376.01(A)(1)-(3) (emphasis added). The term "of the customer" here can only mean the customer of the public utility, telephone, or communication service provider who maintains such records.

**If TUCSRA Broadly Regulates Marketing Emails—as Plaintiff Urges—It is Preempted**

If the Court were to adopt Plaintiff's interpretation of TUCSRA, and conclude it broadly regulates all marketing emails and applies to all businesses—rather than records maintained by communication



September 4, 2024
Page Three

service providers—Plaintiff's claim would be expressly preempted under the federal Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act.

\*   \*   \*

For the reasons above, Plaintiff's claim should be dismissed. Pursuant to the Court's Notice (Dkt. No. 12), Burlington respectfully submits this letter for the Court to determine whether a pre-motion conference is necessary. To the extent the Court determines such a conference would not be helpful, Burlington respectfully requests leave to file its motion to dismiss.

Respectfully,

s/ Stephen C. Matthews
Stephen C. Matthews